UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDERLINA CIOSEK,

    Plaintiff,

v.                                                                                  Case No: 3:13cv147/RV/CJK

LARRY R. ASHLEY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This *pro se* civil rights case is before the court upon expiration of the final show cause order deadline. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After careful consideration, the undersigned concludes that this action should be dismissed for plaintiff's failure to prosecute and repeated failure to comply with court orders.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff initiated this case on April 2, 2013, by filing a counseled complaint against defendants Larry Ashley and Curtis Daniel asserting claims under the Civil Rights Act of 1964, 42 U.S.C. § 1983, as well as state law claims. (Doc. 1). Plaintiff's claims arose from an incident that occurred on or about October 5, 2009.

Plaintiff was represented by counsel at the time she filed her complaint.  On July 9, 2013, the District Judge issued a final scheduling order that incorporated the parties' joint report and modified the initial scheduling order to the extent set out in the joint report.  (Doc. 15).  The parties' joint report set a discovery deadline of October 26, 2013, set a dispositive motions deadline of twenty days after the close of discovery, requested a pretrial conference on or after January 6, 2014, and requested a trial date on or after January 20, 2014.  (Doc. 14).  Plaintiff's counsel withdrew from representation on September 17, 2013.  (Docs. 29, 34).  No dispositive motions were filed; no pretrial conference was held; and no trial date was set.  No record activity occurred from September 17, 2013, until defendants filed a motion to dismiss on July 18, 2014, for plaintiff's failure to prosecute.  Defendants argued that plaintiff had not engaged in any record activity since the court's September 17, 2013 order authorizing counsel's withdrawal.  (Doc. 35).

The undersigned denied defendants' motion without prejudice, because it appeared from the docket that the court was partially responsible for the lack of record activity.  Specifically, the case was never referred to the magistrate judge or district judge upon expiration of the discovery and dispositive motions deadlines, to alert a judicial officer that the case was ready for a pretrial conference.  (Doc. 36).  The undersigned held a case status conference with the parties on August 21, 2014, (doc. 42) and, on that same date, issued an order:  (1) reopening discovery for 120 days, (2) tolling that discovery deadline for 30 days to allow plaintiff additional time to retain counsel, (3) directing defendants to re-serve their discovery requests upon plaintiff, and (4) directing plaintiff to serve her responses to defendants' re-served discovery requests within the time provided by the Federal Rules of Civil Procedure.

(Doc. 43). The case proceeded with no record activity, with the exception of plaintiff's filing a notice of change of address on September 17, 2014.

On January 28, 2015, upon expiration of the discovery deadline, the undersigned issued an Amended Final Scheduling Order and Mediation Referral, setting deadlines for the parties to exchange their Rule 26(a)(2) disclosures, file dispositive motions, and complete mediation. (Doc. 45). The order required the parties to conduct their first mediation conference no later than February 25, 2015. (*Id.*). On February 24, 2015, defendants filed a notice that plaintiff had again failed to respond to any of their discovery requests; that plaintiff contacted defendants' counsel the week of February 16, 2015, and advised that she did not believe she could "go forward" with this case; that defendants' counsel suggested to plaintiff that she advise the court what she planned to do with this case; that plaintiff did not further contact counsel or the court; and that the case was not in a posture to be mediated or proceed further due to plaintiff's lack of cooperation and participation. (Doc. 46).[1]

On February 26, 2015, the court entered an order requiring plaintiff to respond to defendants' notice within 14 days by:

    a.    demonstrating her continued interest in this case by serving responses to defendants' discovery requests, and filing a notice of compliance with the court; or

    b.    seeking voluntary dismissal of this case by filing either a

---

[1] Presumably, defendants filed this notice instead of a motion to compel discovery, in a good-faith effort to move this case forward without subjecting plaintiff to the financial sanction associated with a motion to compel. *See* Fed. R. Civ. P. 37(a)(5) (providing, with limited exceptions, that "[i]f the motion [to compel discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must . . . require the party whose conduct necessitated the motion . . . to pay the movant's seasonable expenses incurred in making the motion, including attorney's fees.")

>     stipulation of dismissal signed by all parties who have appeared, or a motion for voluntary dismissal.

(Doc. 47). Plaintiff was warned that her failure to timely and fully comply with the order would result in an involuntary dismissal of this case, or other appropriate sanction, for plaintiff's failure to comply with an order of the court and failure to prosecute this action. The show cause deadline passed with no filing.

On March 23, 2015, a final show cause order was entered warning plaintiff that the undersigned was prepared to recommend to the District Judge that this case be dismissed for plaintiff's failure to prosecute and failure to comply with an order of the court, and that a dismissal, even without prejudice, may have the effect of a dismissal with prejudice as to one or more of plaintiff's claims due to a statute of limitations bar.[2] (Doc. 48). The court gave plaintiff a final opportunity to show cause why this case should not be dismissed and to comply with the court's February 26, 2015 order. Plaintiff was provided fourteen days to respond to the final show cause order, and was warned that failure to do so would result in dismissal of this case. The show cause deadline passed with no filing.

## DISCUSSION

A district court, as part of its inherent power to manage its own docket, may dismiss a case *sua sponte* for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b). Federal Rule 41(b) provides:

>     (b) **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the

---

[2]*See City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 2002) (noting that the statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years).

*Case No: 3:13cv147/RV/CJK*

> dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) (2015).

In addition, this court's Local Rule 41.1 provides:

> (B)   On motion of any party or on its own motion, the court may enter an order to show cause why a claim, counterclaim, cross claim, or defense, should not be dismissed for failure to comply with [the Local Rules of the Northern District of Florida], the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a dismissal may be entered for this reason.

N.D. Fla. Loc. R. 41.1(B). *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also, e.g., Hanna v. Florida*, — F. App'x —, 2015 WL 1402199, at *1 (11th Cir. Mar. 30, 2015) ("Under the Federal Rules of Civil Procedure, a court may dismiss a case when the plaintiff fails to comply with procedural rules or a court order. Fed. R. Civ. P. 41(b). A federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b)." (*citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49, 111 S. Ct. 2123 (1991))).

The plaintiff in this case has wholly failed to participate in discovery not once, but twice, after being court ordered to do so. Plaintiff has also ignored a court order requiring her to demonstrate her continued interest in this case, and a final show cause order. The court is aware that a dismissal, even without prejudice, may have the effect of a dismissal with prejudice as to one or more of plaintiff's claims; however, in light of plaintiff's wholesale failure to communicate with the court and comply with court orders, the court can discern no effective means of motivating plaintiff to participate in discovery and move this case forward. No lesser sanction

short of dismissal appears appropriate.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED under Federal Rule of Civil Procedure 41(b) and Local Rule 41.1(B), for plaintiff's failure to prosecute and plaintiff's failure to comply with court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of April, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).